UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHIELA MARIE PIERCE,

Plaintiff,

v.

**DECISION AND ORDER**
19-CV-771S

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

1. Plaintiff Shiela Marie Pierce challenges the determination of an Administrative Law Judge ("ALJ") that she is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that she has been disabled since May 15, 2009, due to post-surgery complications in her neck and back, fibromyalgia, diabetes mellitus, depression, and spinal stenosis. Plaintiff contends that her impairments render her unable to work, and thus, she is entitled to disability benefits under the Act.

2. Plaintiff filed an application for disability benefits and supplemental security income on June 23, 2015, which the Commissioner denied on September 9, 2015. Plaintiff thereafter requested a hearing before an ALJ. On January 11, 2018, ALJ Bryce Baird held a hearing at which Plaintiff appeared with counsel and testified. Vocational Expert Jay Steinbrenner also testified. At the time of the hearing, Plaintiff was 49 years old, with a limited education, and past work experience as a retail manager and casino cash attendant. The ALJ considered the case *de novo* and, on May 15, 2018, issued a written decision denying Plaintiff's application for benefits. The Appeals Council denied

Plaintiff's request for review on April 12, 2019. Plaintiff filed the current action on June 11, 2019, challenging the Commissioner's final decision.[1]

3. On December 22, 2019, Plaintiff filed a Motion for Judgment on the Pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 12.) On February 12, 2020, the Commissioner filed a Motion for Judgment on the Pleadings. (Docket No. 14.) Plaintiff filed a reply on March 3, 2020 (Docket No. 15), at which time the motions were taken under advisement without oral argument. For the following reasons, Plaintiff's motion will be granted, and this matter will be remanded to the Commissioner.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405 (g), 1383 (c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

[1] The ALJ's May 15, 2018 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

5. “To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight.” Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained “even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner’s].” Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute “its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review.” Valente v. Sec’y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

7. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a “severe impairment” which significantly limits her physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant

> has such an impairment, the [Commissioner] will consider her disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work. Finally, if the claimant is unable to perform her past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

8. Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step is divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423 (d)(2)(A); 20 C.F.R. § 404.1520 (f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ found the following with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since May 15, 2009, the alleged onset date (R. at 15);[2] (2) Plaintiff's herniated lumbar disc, status post laminectomy and discectomy, degenerative disc disease (lumbar), cervical disc disease, status post two level fusion, and depression are severe impairments within the meaning

[2] Citations to the underlying administrative record are designated as "R."

of the Act (R. at 15-16); (3) Plaintiff does not have an impairment or combination of impairments that meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 16-17); (4) Plaintiff retained the residual functional capacity ("RFC") to perform a range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967 (b), with certain exceptions[3] (R. at 17-20); (5) Plaintiff could perform her past relevant work, particularly as a change person (R. at 20-21); and (6) Plaintiff could alternatively perform jobs that exist in significant number in the national economy (R. at 21-22). Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act from May 15, 2009, through May 15, 2018. (R. at 13, 22.)

10. Plaintiff contends that the ALJ's RFC determination is not supported by substantial evidence because the record contains no credited medical opinions assessing the effect of her limitations on her ability to work. Plaintiff argues that the ALJ instead impermissibly relied solely on his lay interpretation of bare medical findings in determining her RFC. The Commissioner argues that substantial evidence supports the ALJ's findings concerning the extent of Plaintiff's physical limitations.

11. RFC is "what an individual can still do despite his or her limitations." Melville v. Apfel, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, at *2). It is the claimant's burden to demonstrate limitations that preclude any substantial gainful activity. See 42 U.S.C. § 423 (d)(5)(A); 20 C.F.R. §§ 404.1512 (a), 416.912 (a); 404.1545

[3] The ALJ found that Plaintiff retained the RFC for light work, except that Plaintiff can lift and carry up to 20 pounds occasionally and 10 pounds frequently; can sit for six hours in an 8-hour day; can stand or walk for six hours in an 8-hour day; can frequently climb stairs and ramps; can occasionally crouch; can never crawl or climb ropes, ladders or scaffolds; can frequently reach and reach overhead with bilateral upper extremities; and can frequently handle and finger with the left upper extremity. (R. at 17.) The ALJ further found that as of October 1, 2015, Plaintiff had additional limitations due to her mental impairments such that she was capable of performing work described above, as well as capable of only simple, routine tasks that can be learned after a short demonstration or within 30 days. (Id.)

(a)(3); 416.945 (c); see also Bowen, 482 U.S. at 146 n.5 (describing burdens). In determining whether this burden is met, the ALJ assesses the claimant's RFC based on all the relevant medical and other evidence in the record. 20 C.F.R. §§ 404.1545 (a)(1), 416.945 (a)(1). Such evidence includes, *inter alia*, objective medical evidence, medical opinions, medical history, clinical findings, and the claimant's own assessment of limitations. 20 C.F.R. §§ 404.1513 (a)(1)-(5); 416.913 (a)(1)-(5).

12. Medical opinion evidence is therefore just one subset of the type of evidence the ALJ must consider in reaching an RFC determination. But it is an important subset because "an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result[,] an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." See Wilson v. Colvin, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015). "Thus, even though the Commissioner is empowered to make the RFC determination, where the medical findings in the record merely diagnose the claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities, the general rule is that the Commissioner may not make the connection himself." Williams v. Berryhill, 16-CV-283G, 2017 WL 1370995, at *3 (W.D.N.Y. Apr. 17, 2020) (citing Wilson, 2015 WL 1003933, at *21) (quotations and alterations omitted). But that is what occurred in this case.

13. Here, the ALJ rejected all of the opinion evidence, affording each opinion little weight. (R. at 20.) And while the ALJ adequately explained his reasons for rejecting these opinions with citation to substantial evidence in the record, it nonetheless left a hole in the record, with no credited medical opinion from any source concerning Plaintiff's

mental and physical limitations. While it is true that the ALJ must consider the record evidence as a whole in determining RFC, that does not permit an ALJ to make medical determinations from treatment notes concerning the effect of a claimant's limitations on his or her ability to work, which is what the ALJ did here after rejecting all of the opinion evidence. See Williams, 2017 WL 1370995, at *4 ("A significant portion of the ALJ's decision summarizes the medical evidence of record, but these treatment notes merely contain bare medical findings and do not address how Williams's impairments affect her ability to perform work-related functions.")

14. Moreover, Plaintiff's extensive neck and back injuries (including lumbar and cervical surgeries), shoulder condition, and attendant pain, are not minor physical impairments upon which the ALJ could permissibly render a common-sense judgment about their limiting effects without a medical-source assessment. See Walker v. Astrue, No. 08-CV-828A, 2010 WL 2629832, at *7 (W.D.N.Y. June 11, 2010) (recognizing that "where the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment") (citing Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 17 (1st Cir. 1996)).

15. A medical opinion was therefore necessary in this case for proper assessment of Plaintiff's RFC. See Keener v. Comm'r of Soc. Sec., 18-CV-913R, 2020 WL 755377, at *5 (W.D.N.Y. Feb. 7, 2020) (remanding for further development of the record where no credited medical opinion supported the RFC). Since the record contained no such credited opinion, and since the ALJ did not develop the record to include one, remand is required. See id.; see also Rivera-Maysonet v. Comm'r of Soc.

Sec., 18-CV-1142G, 2020 WL 813306, at *3-6 (W.D.N.Y. Feb. 19, 2020) (finding ALJ's highly specific RFC unsupported by substantial evidence in the record where the ALJ discounted all medical opinions that addressed the plaintiff's physical and mental work-related abilities); Dennis v. Colvin, 195 F. Supp. 3d 469, 474 (W.D.N.Y. 2016) (finding that an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence).

16. After carefully examining the administrative record, this Court finds cause to remand this case to the Commissioner for further administrative proceedings consistent with this decision. Plaintiff's motion for judgment on the pleadings is therefore granted. Defendant's motion seeking the same relief is denied.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 12) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 14) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this decision.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated: July 29, 2020
Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge